**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

| | | |
|---|---|---|
| **THERESA BROWN THORNTON,** | : | **CHAPTER 13** |
| | : | |
| Debtor | : | **BANKRUPTCY NO. 16-10007-mdc** |

**CHAPTER 13 PLAN OF THE DEBTOR**

1. **PLAN PROVISIONS DISCHARGE:**

    The Debtor will seek a discharge of debts pursuant to Section 1328(a). Upon completion of this or any other duly confirmed plan, all debts listed in the Debtor's Schedules, claims evidenced by filed proofs of claim in this case that are dischargeable under Chapter 13 of the Bankruptcy Code or debts that subsequently come to Debtor's attention that are duly noticed and added hereto prior to the closing of this case, shall be discharged.

2. **PLAN FUNDING AND LENGTH OF PLAN:**

    A. Payments by the Debtor will be $1,900.00 per month for sixty (60) months.

    B. The total base amount to be paid through the plan shall be $114,000.00.

    C. Upon Court approval of any motion to modify plan after confirmation, the Debtor may alter the amount and timing of payments under this Plan.

3. **SECURED CLAIMS:**

    A. <u>Mortgages and Other Direct Payments by Debtor</u>. Post-petition mortgage payments will be made directly to the following creditors outside the Plan according to the original contract terms, with no modification of contract terms and with liens retained, except that the Debtor may apply for a modification of her first mortgage loans with the respective mortgage holders.

| **Name of Creditor** | **Description of Collateral** |
|---|---|
| Select Portfolio Servicing (mortgage servicer) | 6305 Woodbine Avenue, Philadelphia, PA 19151 |
| Caliber Home Loans, Inc. (mortgage servicer) | 110 Chestnut Hill Court, Winston-Salem, NC 27106 |

B. <u>Arrears to be Cured</u>. The Debtor will cure the following arrears through the Plan payments specified in Section 2 of the Plan:

| Name of Creditor | Description of Collateral | Prepetition Arrears to be Cured Through Remittances to the Trustee |
|---|---|---|
| Select Portfolio Servicing (mortgage servicer) | 6305 Woodbine Avenue, Philadelphia, PA 19151 | $74,684.79, or as allowed by the Court |
| Caliber Home Loans, Inc. (mortgage servicer) | 110 Chestnut Hill Court, Winston-Salem, NC 27106 | $29,138.48, or as allowed by the Court |

C. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the Plan according to modified terms, and liens retained until entry of discharge. The excess of any creditor's claim not provided for under this section will be treated as a general unsecured claim. Any claim listed as "$0.00" in the "Modified Principal Balance" column below will be treated as an unsecured claim. A motion or adversary action, as appropriate, will be filed pursuant to 11 U.S.C. §506 to determine the extent, validity, and/or priority of the lien.

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Motion/ Adversary |
|---|---|---|---|---|---|
| N/A | | | | | |

D. <u>Surrender of Collateral</u>. These secured claims will be satisfied upon the Debtor surrendering the collateral to the creditor.

| Name of Creditor | Description of Collateral |
|---|---|
| N/A | |

E. <u>Lien Avoidance</u>. The Debtor will move to avoid the liens of the following creditors pursuant to 11 U.S.C. §522(f). Once these liens are avoided, any creditor's claim will be treated as a general unsecured claim.

| Name of Creditor | Description of Collateral |
|---|---|
| N/A | |

**4. PRIORITY CLAIMS:**

A. Allowed unsecured claims entitled to priority under 11 U.S.C. §507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to 11 U.S.C. § 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| N/A | |

    B.    <u>Administrative Claims</u>:

        1.    Trustee compensation. Compensation payable to the Chapter 13 Standing Trustee will be paid at the rate fixed by the United States Trustee, currently 7.2%, but not to exceed 10%. If the Trustee's compensation rate is increased during the course of the Plan by the United States Trustee and the Plan does not provide for sufficient funds to cover the increase, the Debtor will seek to modify the Plan to cover any increases.

        2.    Attorney Fees. In addition to the retainer of $1,500.00 already paid by the Debtor, an additional amount of $1,200.00 under a flat rate agreement. If additional charges not covered by the flat rate agreement for basic Chapter 13 legal representation services are incurred, the Debtor may seek leave to modify her Plan post-confirmation to provide for any additional charges.

**5.**    **GENERAL UNSECURED CLAIMS**:

    A.    <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| N/A | | | | |

    B.    <u>Claims of General Unsecured Creditors.</u> The Debtor calculates that a minimum of $0.00 must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the Debtor calculates that a minimum of $0.00 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

**6.**    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The Debtor has no executory contracts or unexpired leases to assume or reject.

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume / Reject |
|---|---|---|---|---|---|---|
| N/A | | | | | | |

**7.**    **OTHER PLAN PROVISIONS:**

    A.    The automatic stay shall remain in effect after confirmation unless modified by Order of the Court.

    B.    Upon completion of this or any other duly confirmed plan, as amended, or such earlier time when full payment under the Plan is received by any of the respective creditors, all tax liens, security interests, or mortgages that are paid in full, as such underlying obligations are finally determined by the Court, shall be satisfied of record without additional cost to the Debtor.

    C.    Upon completion of this or any other duly confirmed plan, as amended, all claims of creditors listed in the Debtor's Schedules shall be discharged, all claimed arrears owed to Select Portfolio Servicing, the real party in interest, and/or any successor in interest (collectively "PA Mortgagee"), pursuant to the first mortgage on the Debtor's home at 6305 Woodbine Avenue, Philadelphia, PA  19151, and all claimed arrears owed to Caliber Home Loans, Inc., the real party in interest, and/or any successor in interest (collectively "NC Mortgagee"), pursuant to the first mortgage on the Debtor's home at 110 Chestnut Hill Court, Winston-Salem, NC  27106, will be cured, and any post-petition fees or costs incurred by either the PA Mortgagee or NC Mortgagee that are noticed in the manner prescribed by Bankruptcy Rule 3002.1 and ultimately allowed by the Court or agreed between the parties will be paid directly to the respective Mortgagee, constituting a cure pursuant to 11 U.S.C. §1322(b)(5) and 41 P.S. §404(c) with respect to mortgage on 6305 Woodbine Avenue, Philadelphia, PA  19151, a cure pursuant to 11 U.S.C. §1322(b)(5) with respect to mortgage on 110 Chestnut Hill Court, Winston-Salem, NC  27106, making only the regular mortgage payments due to the PA Mortgagee and NC Mortgagee after discharge.

**8.    CLASSIFICATION OF CLAIMS AND ORDER OF DISTRIBUTION:**

    A.    The various claims of the Debtor's creditors are classified in this Plan as follows:

        1.    <u>Class 1</u>:    Administrative Claims.  These claims shall include the Trustee compensation and Debtor's attorney fees listed in Section 4(B) of the Plan.

        2.    <u>Class 2</u>:    Priority Claims.  These claims shall include the claims listed in Section 4(A) of the Plan.

        3.    <u>Class 3</u>:    Secured Claims.  These claims shall include the Prepetition Arrears to be cured through remittances to the Trustee in Section 3(B) of the Plan and any other claims set forth in Section 3 of the Plan.

        4.    <u>Class 4</u>:    All other claims that are timely filed and allowed.

        5.    <u>Class 5</u>:    All other claims that are not timely filed or are not allowed.

    B.    Payments made to the Trustee under the Plan will be disbursed by the Trustee first to Class 1 claimants, second to Class 2 claimants pro rata, third to Class 3 claimants pro rata, and fourth to Class 4 claimants pro rata.  Class 5 claimants will not receive any disbursements under the Plan.

9. **REVESTING OF PROPERTY.**

Property of the estate, being any property or income obtained prior or subsequent to an order confirming the Debtor's Chapter 13 Plan, will re-vest in the Debtor upon confirmation, and the Debtor shall have the sole right to the use and possession of same throughout the case.

Dated: 1/29/2016

*Theresa Brown Thornton*
Theresa Brown Thornton, Debtor